# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE LOOMIS, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>SLENDERTONE DISTRIBUTION, INC.,<br><br>Defendant. | Case No. 19-cv-854-MMA (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>[Doc. No. 39] |

In this putative class action, Jane Loomis ("Plaintiff") brings several causes of action against Slendertone Distribution, Inc. ("Defendant"), alleging Defendant's advertising falsely and misleadingly suggests that consumers of Defendant's Flex Belt will gain the health and appearance benefits of traditional exercise. *See* Doc. No. 1 ¶¶ 4, 16, 20, 22, 23, 24, 25. Plaintiff now moves for preliminary approval of a class settlement pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 39; *see also* Doc. No. 39-2 at 2–12 (containing the Class Action Settlement Agreement, referred to here as "Settlement Agreement"). Defendant joins in Plaintiff's motion. *See* Doc. No. 40. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.

*See* Doc. No. 41.  Having reviewed Plaintiff's submissions, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows[1]:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness.  Therefore, the Court preliminarily approves the Settlement Agreement and the Settlement set forth therein, as fair, reasonable, and adequate to the Class.

3. The Court conditionally certifies, for settlement purposes only, a Class defined as all persons who, while residing in California during the Class Period, purchased the Slendertone Flex Belt for personal or household use, and not for resale, and excludes from the Settlement Class: (a) persons or entities who purchased the Flex Belt for the purpose of resale or distribution; (b) persons who are directors and Officers of Slendertone or its parent, subsidiary, or affiliate companies; (c) governmental entities; (d) persons who purchased the Slendertone Flex Belt for personal or household use, but subsequently received a refund from Slendertone; (e) persons who timely and properly exclude themselves from the Class as provided in the Agreement; (f) persons who signed a release of Slendertone for compensation for the claims arising out of the facts or claims asserted in the Action; and (g) and any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children).

4. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of

---

[1] Unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

the claims of the Settlement Class; (d) Plaintiff and her counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court appoints Plaintiff Jane Loomis as Class Representative.

6. The Court appoints The Law Office of Jack Fitzgerald, PC as Class Counsel.

7. The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

8. The Court hereby approves RG2 to act as Claims Administrator, and approves the form and content of the Class Notice proposed therein, including the Long- and Short-Form Notices attached thereto.  The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances.  Accordingly, the Court hereby approves the Notice Plan as set forth in the Declaration of William W. Wickersham and its attached Exhibits.

/ / /

/ / /

/ / /

9. The Court adopts the schedule proposed by Plaintiff, as follows:

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date Court grants preliminary approval | 0 | - |
| Deadline to commence direct notice | 7 | 1 week |
| Deadline to complete notice | 35 | 5 weeks |
| Deadline to make a claim or opt out | 42 | 6 weeks |
| Deadline for plaintiffs to file Motions for Final Approval, Attorneys' Fees, and Incentive Awards | 49 | 7 weeks |
| Deadline for objections | 63 | 9 weeks |
| Deadline for replies to objections | 70 | 10 weeks |
| Final approval hearing date | 91 | 13 weeks |

A hearing (the "Final Approval Hearing") has been reserved on **March 8, 2021 at 2:30 P.M. in Courtroom 3D**, to be held before this Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment as provided in the Settlement Agreement should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and any award to the Plaintiff for her representation of, or service on behalf of, the Settlement Class.

10. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

11. All discovery and proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

12. By entering this order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Slendertone.

13. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED**.

Dated: December 1, 2020

HON. MICHAEL M. ANELLO
United States District Judge